MICAH L. RUBBO (CSBN 267465)
U.S. Department of Justice
Antitrust Division
450 Golden Gate Avenue
Box 36046, Room 10-0101
San Francisco, CA 94102
micah.rubbo@usdoj.gov
Telephone: (415) 934-5300

Attorney for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL RENQUIST,<br><br>Defendant. | Case No. CR 13-00143 PJH<br><br>**UNITED STATES' SENTENCING MEMORANDUM AND AND MOTION FOR DOWNWARD DEPARTURE PURSUANT TO U.S.S.G. §5K1.1**<br><br>Date: December 1, 2017<br>Time: 9:00 a.m.<br>Court: Hon. Chief Judge Phyllis J. Hamilton |

The United States respectfully requests that this Court sentence defendant Michael Renquist to (1) serve a seven-month custodial sentence, based on the government's motion for a substantial-assistance downward departure of forty percent from the low end of the applicable Guidelines range; (2) serve three years of supervised release; and (3) pay a criminal fine in the amount of $7,500, restitution in the amount of $239,590, and a $200 special assessment. This sentence is consistent with the parties' Fed. R. Crim. P. 11(c)(1)(A) and (B) plea agreement.

//

//

//

# BACKGROUND

Defendant Renquist was a real estate investor who participated in the bid-rigging conspiracies at the Alameda County and Contra Costa County foreclosure auctions. He originally worked with partners to purchase properties at the San Francisco, San Mateo, and Marin county foreclosure sales, but eventually went out on his own in Alameda and Contra Costa counties. *See* PSR ¶ 16. From August 2008 to January 2011, Renquist purchased hundreds of rigged properties at the foreclosure sale on behalf of his clients. *See id*. Renquist's volume of commerce totals nearly $6 million. *Id.* at ¶ 26 (noting the agreed-upon volume of commerce is $5,964,348.00). He also received over $239,590 in illegal payoffs. *See id*. at ¶ 74. In April 2013, defendant pleaded guilty to two counts of bid rigging. *Id.* at ¶ 11.

# ARGUMENT

## A.   Sentencing Guidelines Calculations

### 1.   Criminal History

In Paragraph 12 of the Plea Agreement, the parties agree that defendant's Criminal History Category will be determined by the Court. The PSR calculates defendant's Criminal History Category as I, and the United States agrees. PSR ¶ 40.

### 2.   Offense Level

The PSR calculates the total offense level as 13, consistent with the plea agreement. PSR ¶ 28. This calculation includes a one-level increase to the base offense level of 12 for conduct involving the submission of non-competitive bids, a two-level increase for a volume of commerce exceeding $1 million, and a downward adjustment of two levels for acceptance of responsibility. U.S. Sentencing Guidelines Manual ("U.S.S.G.") §§2R1.1(b)(1) and (2), 3E1.1(a) (U.S. Sentencing Comm'n 2010). Under the Sentencing Guidelines, an offense level of 13 for a defendant in Criminal History Category I results in a sentence ranging from 12 to 18 months (Zone D).

### 3.   Fine and Restitution

The PSR calculates a fine range of $59,643 to $298,217, consistent with the plea agreement. PSR ¶ 72. In Paragraph 9 of the plea agreement, the government agrees to

recommend that the Court impose a fine between $7,500 and $75,000. For the reasons discussed below, the government recommends a $7,500 fine, at the low end of that range.

As for restitution, while the Mandatory Victim Restitution Act, 18 U.S.C. § 3663, does not apply to this case, restitution is permitted under 18 U.S.C. § 3583(d) (restitution as discretionary condition of supervised release) and § 3663(a)(3) (restitution to extent agreed to by parties in a plea agreement). The parties have agreed to recommend that the Court order the defendant to pay $239,590 in restitution. PSR ¶ 74.

**B.      Basis for Downward Departure for Substantial Assistance**

The government moves, pursuant to Section 5K1.1 of the Guidelines, for a downward departure for substantial assistance to the investigation under the Rule 11(c)(1)(B) plea agreement in this case. The government recommends a forty percent reduction from the low end of the Guidelines range of twelve to eighteen months, resulting in a sentence of approximately seven months. This recommendation is based primarily on the timing of defendant's plea, the value of his cooperation, and the fact that he testified in one trial. Defendant Renquist originally pleaded guilty in 2013, near the middle of the government's investigation. After pleading guilty, Renquist sat for five interviews or witness preparation meetings. He also testified in the retrial of *United States v. Alvin Florida, et al.*, CR-14-00582. Based on the foregoing, a forty percent reduction for substantial assistance is appropriate.

**C.      Sentencing Recommendation**

The government's recommendation of an seven-month sentence is reasonable and not greater than necessary in light of the factors articulated in 18 U.S.C. § 3553. Defendant's sentence should reflect the seriousness of the offense, promote respect for the law, and afford adequate deterrence to future bid-rigging offenses and white-collar crime generally, as the government has argued in the related cases. Defendant was a long-time participant in the Alameda and Contra Costa County conspiracies. He also participated in similar conspiracies in other counties. In two years, defendant purchased nearly six million dollars in rigged real estate. The proposed sentence will serve as a general deterrent to other real estate investors in California and others who may be tempted to enrich themselves through white-collar crimes and will

promote respect for the law.  Incarceration, rather than probation, more accurately reflects the seriousness of defendant's criminal conduct, a result that was contemplated by the Sentencing Commission: "It is the intent of the Commission that alternatives such as community confinement *not* be used to avoid imprisonment of antitrust offenders." U.S.S.G. § 2R1.1 cmt. n.5 (emphasis added).

However, an assessment of the history and characteristics of defendant should take into account his acceptance of responsibility and cooperation, his willingness to pay restitution, and his status as a first-time offender.  While the government is recommending custody here, as it has in all the related cases to date, these factors have led this Court to impose probationary sentences for other defendants.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Court sentence defendant Michael Renquist to (1) serve a seven-month custodial sentence; (2) serve three years of supervised release; and (3) pay a criminal fine in the amount of $7,500, restitution in the amount of $239,590, and a $200 special assessment.

Dated: November 22, 2017                                     Respectfully submitted,

                                                      /s/
                                    MICAH L. RUBBO
                                    United States Department of Justice
                                    Antitrust Division

US' SENT'G MEMO.                                         4
No. CR 13-0143 PJH